IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WIHC LLC,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>NEXTGEN LABORATORIES, INC., JOSEPH DEL SIGNORE,<br><br>　　　　　　Defendants. | CIV. NO. 22-00305 DKW-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

**FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff WIHC LLC dba Aloha Toxicology's ("Plaintiff") *Motion for Default Judgment* ("Motion" or "Motion for Default Judgment") (ECF No. 14) came on for a telephonic hearing on November 10, 2022 before the Honorable Rom A Trader, United States Magistrate Judge. Attorney Mark G. Valencia appeared on behalf of Plaintiffs. No other party appeared for the telephonic hearing.

After careful consideration of the *Motion* and attached declarations and exhibits, the docket in this case and the appliable law, the Court **FINDS** and **RECOMMENDS** that the district court **GRANT** the *Motion* and enter default judgment in favor of Plaintiffs for the amount of $406,669.44.

## BACKGROUND

Plaintiff and Defendant NextGen Laboratories, Inc. ("Defendant NextGen") entered into a settlement agreement ("Settlement Agreement") in September of 2020.  ECF No. 1 & 14-5.  Pursuant to the Settlement Agreement, NextGen agreed to make 18 consecutive monthly payments of $201,944.44 to Plaintiff.  Defendant Joseph Del Signore ("Defendant Signore") executed a personal guaranty in favor of Plaintiffs, in which Defendant Signore guaranteed all of Defendant NextGen's payment obligations.

Defendant NextGen failed to make the last two monthly payments to Plaintiff on April 1, 2022 and May 1, 2022, each for $201,944.44, for a total amount of $403,888.88.  On July 14, 2022, Plaintiff commenced this action and filed its Complaint seeking damages in the amount of $403,888.88.  ECF No. 1. Plaintiff served a copy of the summons and Complaint on Defendant NextGen on July 15, 2022 (ECF No. 7) and on Defendant Signore on July 26, 2022. Defendants NextGen and Signore (collectively "Defendants") failed to answer or respond to the Complaint.  Plaintiff sought entries of default against the Defendants.  ECF No. 9 & 11.  The Clerk later entered default against the Defendants.  ECF Nos. 10 & 12.

On September 6, 2022, Plaintiff filed the instant *Motion for Default Judgment* and served the Defendants via regular mail on September 6, 2022.  ECF No. 14 & 14-7.  No response or opposition was filed by the Defendants.

## DISCUSSION

Rule 55(b)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provides that a court may enter default judgment following the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (citations omitted).

### I. This Court has Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to diversity of citizenship, under 28 U.S.C. § 1332(a)(1), in that the amount in controversy exceeds $75,000.00 and the parties are citizens of different states. ECF No. 1 at PageID.2. Venue is also proper in the District of Hawaii pursuant to 28 U.S.C. § 1391(a) & (c) because the events and transactions giving rise to this action occurred in the state of Hawaii. ECF No. 1 at PageID.2. Further Defendant NextGen is registered to do business in Hawaii as a foreign profit corporation. *Id.* at 3.

### II. The Eitel Factors Weigh in Favor of Default Judgment

"Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *In re Villegas*, 132 B.R. 742, 746 (9th Cir. 1991) (citing *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990)) (citations omitted). Default judgments are ordinarily disfavored, and cases should be decided on their

merits if reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

In determining whether default judgment is warranted in this case, the Court shall evaluate the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Id.* at 1471-72 (citation omitted). On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)).

A. Possibility of Prejudice

When determining the possibility of prejudice, the Court considers whether the Plaintiff would suffer prejudice if default judgment is not entered. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C. D. Cal. 2002). Defendants failed to respond to the Complaint and has been unresponsive to instant *Motion*. If default judgment is not entered, the Plaintiff would be left without any recourse for recovery. This factor this weighs in favor of default judgment.

B. Merits of the Claim

This factor requires that Plaintiff state a claim on which Plaintiff may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). As stated earlier, the factual allegations in the Complaint will be taken as true for the purposes of liability. *TeleVideo Sys., Inc.*, 826 F.2d at 917-18 (citation omitted). Plaintiff's action was brought to recover two payments owed to Plaintiff as a result of the Settlement Agreement and the agreed upon interest on those missed payments. Plaintiff alleges breach of contract and has stated facts supporting all five elements required for this claim. Plaintiff has produced the Settlement Agreement, and promissory note ("Promissory Note") dated September 11, 2020 (ECF No. 14-6), showing that the Defendants owe Plaintiff the two payments, each one being $201,944.44. Plaintiff has alleged that the Defendants have failed to make the two payments on April 1, 2022, and May 1, 2022. Plaintiff alleges that Defendant Signore has personally guaranteed all of Defendant NextGen's payment obligations. Plaintiff has thus alleged adequate facts to show that it is entitled to recover the delinquent payments from the Defendants. The Court finds that this factor weighs in favor of default judgment.

C. Sufficiency of the Complaint

This factor is related to the merits-of-the-claim analysis. In the merits-of-the-claim analysis, this Court found that the allegations in the Complaint are

5

sufficiently pled and supported by Plaintiff's *Motion for Default Judgment*. The Court thus finds that this factor weighs in favor of default judgment.

### D. Sum of Money at Stake

This Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. The sum of money sought by Plaintiff squarely fits the damages sought in this case. Plaintiff seeks $403,888.88, which is the exact amount Defendants owe Plaintiff under the Settlement Agreement. The interest Plaintiff seeks is the exact amount of interest owed pursuant to the Promissory Note. Plaintiff has thus provided documentation[1] and adequate explanation showing how the total amount requested was calculated.

### E. Likelihood of Dispute Concerning Material Facts

Defendants were given notice and had sufficient time to respond to the Complaint and deny any of Plaintiff's allegations. Despite the opportunity, the Defendants elected to do nothing. Defendants were also served a copy of this *Motion* and again, failed to respond or appear to defend. Because Defendants

---

[1] In an Entering Order dated November 4, 2022 and during the November 10, 2022 hearing, the Court noted that there was an error in Plaintiff's calculation in Exhibit "I" (ECF No. 14-11) to the *Motion*. The amount owed, interest rate and number of days indicated in Plaintiff's exhibit were correct. However, in Plaintiff's exhibit, the calculation of the per diem rate and of the interest owed using the per diem rate were incorrect. During the hearing, Plaintiff's counsel conceded to the calculation error. The Court thus bases its ruling on the correctly calculated amount. *See infra* Part III.

failed to raise any dispute regarding Plaintiff's material factual allegations, the Court finds that this factor favors default judgment.

### F. Excusable Neglect

Defendants received ample notice of the lawsuit, entry of default and threat of default judgment. Defendants nevertheless have not defended in this matter to date. The record does not suggest that Defendants' defaults were the result of excusable neglect, but it appears that the defaults are due to Defendants' conscious and willful decision not to defend in this action. Accordingly, the Court finds that this factor weighs in favor of default judgment.

### G. Policy Favoring Decision on the Merits

There is a policy of favoring decisions on the merits, and default judgments are disfavored. *In re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993). However, this factor does not preclude the finding that default judgment is appropriate in this case given that all other factors weigh in favor of default judgment.

### H. Totality of Eitel Factors

After careful consideration of the *Eitel* factors, the Court **FINDS** that six (6) out of the (7) *Eitel* factors weigh in favor of default judgment. This Court thus **RECOMMENDS** that Plaintiff's request for default judgment against the Defendants be **GRANTED**.

### III.  Plaintiff is Owed Interest in the Amount of $2,780.56

The Court agrees with Plaintiff that the interest rate for the missed payment on April 1, 2022 should be 1.79% and the missed payment on May 1, 2022 should be 2.08%. The Court calculates the per diem rate for the April 1, 2022 missed payment to be $9.90 (($201,944.44 x 1.79%)/365) and for the May 1, 2022 missed payment to be $11.51 ($201,944.44 x 2.08%)/365). The per diem rate for each missed payment is then multiplied by the number of days of each corresponding missed payment to arrive at the amount of interest accrued.[2] The total amount of interest accrued is $2,780.56. The grand total is **$406,669.44**, including the payments missed and interest owed.

## CONCLUSION

Based on the foregoing, the Court **FINDS** and **RECOMMENDS** that *Plaintiff's Motion for Default Judgment* (ECF No. 14) be **GRANTED** as follows:

1. Plaintiff's request for default judgment against Defendant NextGen and Defendant Signore be **GRANTED**;

2. Plaintiff be awarded damages in the amount of $403,888.88 and interest in the amount of $2,780.56 for a total of $406,669.44;

---

[2] The interest accrued for the April 1, 2022 missed payment is $1,445.40 ($9.90 x 146) and the May 1, 2022 missed payment is $1,335.16 ($11.51 x 116). This results in a total of $2,780.56 interest accrued. This amount is $38.92 less than the amount Plaintiff initially requested.

The Court directs Plaintiff to (1) serve a copy of this Findings and Recommendations on the Defendants and (2) file a Certificate of Service indicating the date of service by no later than November 23, 2022.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, November 14, 2022.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 22-00305 DKW-RT;  *WIHC LLC vs. Nextgen Laboratories, Inc., et al.*; Findings and Recommendation to Grant Plaintiff's Motion for Default Judgment