IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WIHC LLC, | CIV. NO. 22-00305 DKW-RT |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ATTORNEYS' FEES |
| NEXTGEN LABORATORIES, INC., JOSEPH DEL SIGNORE, | |
| Defendants. | |

## FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Plaintiff WIHC LLC ("Plaintiff") seeks a total award of $23,331.40 in attorneys' fees, which includes General Excise Tax ("GET") of 4.712%, in its *Motion for Attorneys' Fees* ("Motion" or "Motion for Attorneys' Fees"), filed on February 16, 2023.  ECF No. 30.  The Court elects to decide the *Motion* without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("LR").

After consideration of the *Motion*, record in this case, and applicable law, the Court **FINDS** and **RECOMMENDS** that the *Motion for Attorneys' Fees* be **GRANTED** for attorneys' fees in the amount of $15,446.40 and $727.83 in GET for a total amount of **$16,174.23**.  The Court **RECOMMENDS** that the district court reduce

Plaintiff's total request for fees by $7,157.17 in attorneys' fees and GET as explained below.

## **BACKGROUND**

On July 14, 2022, Plaintiff filed its *Complaint* (ECF No. 1) against Defendants NextGen Laboratories, Inc. ("Defendant NextGen") and Joseph Del Signore ("Defendant Del Signore") (collectively "Defendants") seeking to enforce a settlement agreement ("Settlement Agreement") (ECF No. 30 at PageID.316). The Settlement Agreement required Defendant NextGen to make monthly payments to Plaintiff, and Defendant Del Signore executed a personal guaranty as security for the payments. ECF No. 1. at PageID.5-6. Defendant NextGen failed to make the last two monthly payments to Plaintiff. *Id.* at 6-7. The *Complaint* thus alleges breach of contract claims against the Defendants based on the Defendants' failure to make timely payments under the Settlement Agreement. *Id.* at 7. The Defendants failed to answer or respond to the *Complaint* (ECF No. 1), and the *Motion for Default Judgment* (ECF No. 14) filed against them on September 6, 2022.

On December 29, 2022, the district court issued its *Order Adopting Findings and Recommendation to Grant Plaintiff's Motion for Default Judgment*. ECF No. 25. Default Judgment was issued by the Clerk's Office that same day. ECF No. 26. On February 16, 2023, Plaintiff filed the *Motion* presently before this Court.

ECF No. 30.  The Defendants have not objected or responded to Plaintiff's fee request.

## **DISCUSSION**

This Court has jurisdiction over this case based on diversity of citizenship under 28 U.S.C. § 1332(a)(1).  ECF No. 1 at PageID.2.  A federal court sitting in diversity applies state law to determine whether Plaintiff is entitled to attorneys' fees and costs.  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).  Hawaii state law applies to this case.  Under Hawaii law, attorneys' fees cannot be awarded as damages or costs unless provided by statute, stipulation, or agreement.  *Stanford Carr Dev. Corp. v. Unity House, Inc.*, 111 Hawaiʻi 286, 305, 141 P.3d 459, 478 (2006) (citing *Weinberg v. Mauch*, 78 Hawaiʻi 40, 53, 890 P.2d 277, 290 (1995)).  Plaintiff seeks an award pursuant to Haw. Rev. Stat. § 607-14, which states in relevant part:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee.  The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

*Id.* Accordingly, to award reasonable attorneys' fees under Haw. Rev. Stat. § 607-14, the Court must determine whether (1) the moving party is the prevailing party; (2) a promissory note or contract provides for attorneys' fees in writing or whether the action is in the nature of an assumpsit; (3) the hourly rate and fees requested are reasonable; and (4) the fees do not exceed twenty-five (25) percent of the judgment.

### A.  <u>Plaintiff is the Prevailing Party</u>

Under Haw. Rev. Stat. § 607-14, the Plaintiff must be the prevailing party to be entitled to reasonable attorneys' fees.  "[I]n general, a party in whose favor judgment is rendered by the district court is the prevailing party in that court . . . " *MFD Partners v. Murphy*, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (1992) (citation omitted).  The judgment need not result from a ruling on the merits. *Ranger Ins. Co. v. Hinshaw*, 103 Hawaiʻi 26, 31, 79 P.3d 119, 124 (2003) (quoting *Wong v. Takeuchi*, 88 Hawaiʻi 46, 49, 961 P.2d 611, 614 (1998)).  In this case, default judgment was entered in favor of the Plaintiff on December 29, 2022.  ECF No. 26.  Plaintiff is thus the prevailing party.

### B.  <u>This Action is in the Nature of an Assumpsit</u>

Haw. Rev. Stat. § 607-14 requires that the action be in the nature of assumpsit, on a promissory note, or on a written contract providing for attorneys' fees.  In this case, the action is in the nature of assumpsit and the Settlement

4

Agreement is a written contract providing for attorneys' fees. "Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." *808 Dev., LLC v. Murakami*, 111 Hawaiʻi 349, 366, 141 P.3d 996, 1013 (2006) (citing *Blair v. Ing*, 96 Hawaiʻi 327, 332, 31 P.3d 184, 189 (2001)). Plaintiff alleges breach of contract claims against the Defendants, and breach of contract claims are in the nature of assumpsit for the purposes of Haw. Rev. Stat. § 607-14. *Helfand v. Gerson*, 105 F.3d 530, 537 (9th Cir. 1997) (citing *S. Utsunomiya Enters., Inc. v. Moomuku Country Club*, 76 Hawaiʻi 396, 400, 879 P.2d 501, 505 (1994)) (citation omitted).

In addition, the Settlement Agreement provides the contractual provisions for the award of attorneys' fees. The Security Agreement (ECF No. 30 at PageID.332), attached to the Settlement Agreement, entered into between Plaintiff and Defendant NextGen states:

> **5. Fees and costs**. In the event of any dispute or litigation concerning the enforcement of this Agreement or the Settlement Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees and costs.

*Id.* at 333. The Personal Guaranty (*Id.* at 330), also attached to the Settlement Agreement, entered into between Plaintiff and Defendant Del Signore where Defendant Del Signore agreed to personally guaranty Defendant NextGen's obligation under the Settlement Agreement states in relevant part:

5

10. <u>Attorneys' Fees</u>.  In any proceeding to enforce or construe this Guaranty, the losing party shall pay the prevailing party's reasonable attorneys' fees and costs.

*Id.* at 331.  Accordingly, the award of Plaintiff's attorneys' fees is also set forth in the Settlement Agreement.

## C.  **Lodestar Calculation**

Hawaii courts calculate the reasonableness of attorneys' fees using a method nearly identical to the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Sheehan v. Centex Homes*, 853 F. Supp. 2d 1031, 1041 (D. Haw. 2011) (citing *DFS Group L.P. v. Paiea Props.*, 110 Hawaiʻi 217, 222, 131 P.3d 500, 505 (2006); *Schefke v. Reliable Collection Agency, Ltd.*, 96 Hawaiʻi 408, 446, 32 P.3d 52, 90 (2001).

The lodestar amount may also be adjusted based on an evaluation of the following factors, which have not been subsumed in the lodestar calculation:

(1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause;

(2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients;

(3) the customary charges of the Bar for similar services;

(4) the amount involved in the controversy and the benefits resulting to the client from the services;

(5) the contingency or the certainty of the compensation; and

(6) the character of the employment, whether casual or for an established and constant client.

*Sheehan*, 853 F. Supp. 2d at 1041 (citing *Chun v. Bd. Of Trs. Of Emps.' Ret. Sys. Of Haw.* ("*Chun II*"), 106 Hawaiʻi 416, 435, 106 P.3d 339, 358 (2005)) (citations omitted).  There is a strong presumption that the lodestar amount calculated is reasonable.  *See Schefke*, 96 Hawaiʻi at 443, 32 P.3d at 87, n .72; (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)) (citation omitted).

Below is a summary of the hours claimed, hourly rates, year in which work was performed and years of experience for each attorney:[1]

| Timekeeper | Year | Rate | Hours | Amount |
|---|---|---|---|---|
| Mark G. Valencia | 2022 | $405.00 | 9.1 | $3,685.50 |
| (Director-attorney) | 2023 | $450.00 | 1.8 | $810.00 |
| Maria A. McCormick | | $300.00 | 31.7 | $9,510.00 |
| (Associate-attorney) | | | | |
| Jackie Ching | 2022 | $250.00 | 6.0 | $1,500.00 |
| (Associate-attorney) | 2023 | $275.00 | 11.1 | $3,052.50 |
| Paulette A. Abrahante | 2022 | $165.00 | 6.9 | $1,138.50 |
| (Paralegal) | 2023 | $175.00 | 3.2 | $560.00 |

---

[1] The *Motion* names Stephanie M. Teece as a timekeeper, but the *Motion* does not claim any hours worked by this individual.  ECF No. 30 at PageID.308.  The Court thus omits any reference to Ms. Teece in the summary.

*See* ECF No. 30 at 307-308.  The total fees requested under this chart is $20,256.50, GET[2] in the amount of $954.49, for a **total of $21,210.99**.  Plaintiff also claims that it expects certain timekeepers to expend additional hours as summarized below:

| Timekeeper | Year | Rate | Hours | Amount |
|---|---|---|---|---|
| Mark G. Valencia | 2023 | $450.00 | 1.0 | $450.00 |
| Jackie Ching | 2023 | $275.00 | 3.5 | $962.50 |
| Paulette A. Abrahante | 2023 | $175.00 | 3.5 | $612.50 |

*See id.* at 309.  The total fees requested for anticipated additional hours are $2,025.00, GET in the amount of $95.42, for a **total of $2,120.42**.  Thus, the total attorneys' fees requested by Plaintiff is **<u>$23,331.40</u>**.

## 1.    <u>Reasonable Hourly Rate</u>

The Court must determine whether the hourly rates requested for Plaintiff's attorneys and paralegals are reasonable.  "Hawaii courts consider the reasonable hourly rate in a manner virtually identical to the traditional lodestar formulation, and some Hawaii state courts have considered federal law in determining a reasonable hourly rate."  *Sheehan*, 853 F. Supp. 2d at 1042 (citing *County of Haw. v. C & J Coupe Family Ltd. P'ship*, 120 Hawaiʻi 400, 407, 208 P.3d 713, 720 (2009); *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).  This Court finds that federal

---

[2] Hawaii GET is 4.712%.

case law regarding the determination of a reasonable hourly rate is instructive in this case. *See Sheehan*, 853 F. Supp. 2d at 1042.

The reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. *Roberts v. City of Honolulu*, 938 F.3d 1020, 1025 (9th Cir. 2019) (citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008)); *Webb v. Ada County*, 285 F.3d 829, 840 (9th Cir. 2002); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986) (citation omitted). The relevant community in this case is Hawaii. *See Camacho*, 523 F.3d at 979 (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

Plaintiff requests the following rates for each timekeeper:

| Timekeeper | Years of Experience | Year | Proposed Hourly Rate |
|---|---|---|---|
| Mark G. Valencia | 27 | 2022 | $405.00 |
| (Director-attorney) | | 2023 | $450.00 |
| Maria A. McCormick | 6 | 2022 | $300.00 |
| (Associate-attorney) | | | |
| Jackie Ching | 2 | 2022 | $250.00 |
| (Associate-attorney) | | 2023 | $275.00 |
| Paulette A. Abrahante | 1 | 2022 | $165.00 |
| (Paralegal) | | 2023 | $175.00 |

ECF No. 30 at PageID.307-308. In support of the hourly rates requested, Plaintiff submitted the declaration of attorney Mark Valencia. *Id.* at 311. Mr. Valencia states that he is a director and shareholder with the law firm Case Lombardi. *Id.* at

312.  Mr. Valencia has been licensed to practice law in Hawaii since 1996 and served as a law clerk for the Honorable Walter Kirimitsu, Associate Judge of the Hawaii Intermediate Court of Appeals.  *Id.* at 312-313.  Mr. Valencia has been recognized by Chambers USA for litigation work in their America's Leading Lawyers for Business.  *Id.* at 313.

Mr. Valencia's declaration states that Ms. Maria A. McCormick was an associate at the firm and was licensed to practice in the State of Hawaii since 2016. *Id.*  Ms. McCormick is no longer with Case Lombardi.  *Id.*

Mr. Valencia's declaration also states that Ms. Jackie Ching is an associate at Case Lombardi and has been licensed to practice law in the State of Hawaii since 2021.  *Id*.  The declaration further states that Ms. Paulette A. Abrahante is a paralegal with Case Lombardi and has been a paralegal since 2022*.  Id.*  As to all attorneys and Ms. Abrahante, the declaration states that the hourly rates requested "commensurate with attorneys in the State of Hawaii with equal or similar legal experience."  *Id*. at 312-313.

"It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate."  *Roberts*, 938 F.3d at 1024 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Camacho*, 523 F.3d at 980).  "The burden is on the fee applicant 'to produce satisfactory evidence' of the prevailing market rates."  *Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ.*, 788 F.3d 1033, 1041 (9th

Cir. 2015) (citing *Blum*, 465 U.S. at 896 n. 11).  In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable. *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987).  *See also Camacho*, 523 F.3d at 980 ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation").

In this case, aside from Mr. Valencia's declaration, the attorneys did not submit additional evidence showing that the hourly rates requested are reasonable. The Court is well aware of the rates awarded in this district and finds that the hourly rates requested are not reasonable.  *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (the Ninth Circuit held that the district court did not abuse its discretion by relying on its own knowledge and experience to determine the reasonable hourly rate for attorneys' fees); *Sam K. ex rel. Diane C.,* 788 F.3d at 1041 ("[d]istrict courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'").  Accordingly, relying on its own knowledge and experience, the Court finds the following hourly rates reasonable based on the years of experience of each timekeeper.  Mr. Valencia's declaration provides scant evidence of each timekeeper's skill and reputation that

the Court must heavily rely upon the years of experience to determine each

timekeeper's reasonable.

The Court finds that the following rates are reasonable:

| Timekeeper | Years of Experience | Year | Requested Hourly Rate | Hourly Rate Awarded |
|---|---|---|---|---|
| Mark G. Valencia | 27 | 2022 | $405.00 | $375.00 |
| (Director-attorney) | | 2023 | $450.00 | $385.00 |
| Amparo v. McCormick | 6 | 2022 | $300.00 | $250.00 |
| (Associate-attorney) | | | | |
| Jackie Ching | 2 | 2022 | $250.00 | $200.00 |
| (Associate-attorney) | | 2023 | $275.00 | $205.00 |
| Paulette A. Abrahante | 1 | 2022 | $165.00 | $75.00 |
| (Paralegal) | | 2023 | $175.00 | $77.00 |

## 2.   Hours Reasonably Expended

The Court now turns to whether the hours of work claimed are reasonable.

The Court finds that federal case law is instructive to determining the reasonable

hours expended in this case. *See Sheehan*, 853 F. Supp. 2d at 1043.

After careful review of Plaintiff's attorneys' timekeeping and descriptions,

the Court finds it appropriate to reduce the requested fees for (a) failure to properly

document the hours expended, (b) clerical or ministerial tasks, and (c) block-

billing.

### a.   Failure to Properly Document Hours Expended

A prevailing party seeking attorneys' fees bears the burden of documenting

the appropriate hours expended in litigation and must submit evidence in support

of those hours worked. *Hensley*, 461 U.S. at 433; *Gates v. Deukmejian*, 987 F.2d

1392, 1397 (9th Cir. 1992).  In the *Motion*, Plaintiff explains that it anticipates its attorneys will expend additional hours.  ECF No. 30 at PageID.309 & 314.  However, Plaintiff fails to explain what task will be performed or why the requested additional hours expended would be reasonable.  Accordingly, the Court denies the following requested hours:

| Timekeeper | Year | Hours | Amount |
|---|---|---|---|
| Mark G. Valencia | 2023 | 1.0 | $450.00 |
| Jackie Ching | 2023 | 3.5 | $962.50 |
| Paulette A. Abrahante | 2023 | 3.5 | $612.50 |

### b.  **Block-Billing**

The Court shall reduce the amount of hours requested to account for block billing as this "billing style makes it difficult . . . to ascertain how much time [was] expended on specific tasks.  *Robinson v. Plourde*, 717 F. Supp. 2d 1092, 1100 (D. Haw. 2010) (citation omitted).  After reviewing each entry in Plaintiff's invoice, the Court finds that a 15% across-the-board reduction is reasonable to account for block-billing.  *See Robinson v. Plourde*, 717 F. Supp. 2d 1092, 1100 (D. Haw. 2010) (15% across-the-board reduction was appropriate for block-billing).  The Court recommends the following entries be reduced for block-billing:

| Timekeeper | Date | Hours | Reduced | Description of Task |
|---|---|---|---|---|
| Mark G. Valencia | 7/14/22 | 1.0 | 0.2 | Review and revise Complaint; draft civil cover sheet; review and approve Corporate Disclosure Statement |
| | 8/10/22 | 0.3 | 0.1 | Review entries of default entered against NextGen and Joseph Del |

13

| | | | | |
|---|---|---|---|---|
| | | | | Signore; draft and send status report to Dan and George |
| | 2/14/23 | 1.4 | 0.2 | Telephone conference with George re case status and collection strategy; review invoices attached to motion for attorneys' fees, review motion for attorneys' fees |
| Jackie Ching | 1/10/23 | 1.5 | 0.2 | Draft Memorandum in Support of Bill of coasts, review local rules and case law regarding taxable costs, draft declaration of counsel |
| | 1/11/23 | 0.6 | 0.1 | Review exhibits for motion for attorneys' fees, research court rules and statutes re: costs and fees |
| | 1/12/23 | 2.3 | 0.4 | Revise memo in support of bill of costs, declaration of counsel, review and revise exhibits to same |

### c.  **Clerical or Ministerial Tasks**

"Courts should reduce an award of attorney's fees for excessive preparation of time by the paralegal, duplicative efforts by the attorney and paralegal, and performance of clerical functions. *Schefke v. Reliable Collection Agency, Ltd.*, 96 Hawaiʻi 408, 458, 32 P.3d 52, 102.  "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate*."  Nicholas M. ex rel. Laura M. v. Dep't of Educ., Hawaii*, Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010) (citation omitted).  Preparing documents for filing and filing documents with the Court are clerical and noncompensable. *OneWest Bank, FSB*, 2014 WL 1326590, at *1 n. 2, *report and recommendation adopted as modified*, Civ. No. 12-00108 ACK, 2014 WL 1326602 (D. Haw. Mar.

31, 2014) (citing *Haw. Motorsports Inv., Inc. v. Clayton Group Servs., Inc.*, Civ.

No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010),

*adopted by Haw. Motorsports Inv. Inc. v. Clayton Group Servs.*, *NC*, Civ. No. 09-

00304 SOM-BMK, 2010 WL 5395669 (D. Haw. Dec. 22, 2010)).

The Court recommends the reduction of the following entries:

| Timekeeper | Date | Hours | Reduced | Description of Task |
|---|---|---|---|---|
| Paulette A. Abrahante | 07/14/2022 | 3.1 | 3.1 | Draft shell for motion for summary judgment, concise statement of facts in support of motion, declaration of M. Valencia in support of motion and certificate of service. |
| | 07/14/2022 | 1.1 | 1.1 | Finalize and file Complaint, summons and civil information sheet against NextGen Lab, Inc. and J. Del Signore |
| | 07/14/2022 | 0.4 | 0.4 | Draft, finalize and file WIHC LLC Corporate Disclosure Statement |
| | 08/18/2022 | 0.3 | 0.3 | Finalize and file Plaintiff's request for entry of default against Joseph Del Signore |

3.    **Total Lodestar Award**

The Court calculates the total reasonable attorneys' fees using the lodestar

calculation by multiplying the number of hours reasonably expended by the

reasonable hourly rate as illustrated below:

| | Year | Awarded Rate | Awarded Hours | Amount |
|---|---|---|---|---|
| Mark G. Valencia | 2022 | $375.00 | 8.8 | $3,300.00 |
| (Director-attorney) | 2023 | $385.00 | 1.6 | $616.00 |
| Amparo v. McCormick | 2022 | $250.00 | 31.7 | $7,925.00 |
| (Associate-attorney) | --- | --- | --- | --- |

| Jackie Ching | 2022 | $200.00 | 6.0 | $1,200.00 |
|---|---|---|---|---|
| (Associate-attorney) | 2023 | $205.00 | 9.8 | $2,009.00 |
| Paulette A. Abrahante | 2022 | $75.00 | 2 | $150.00 |
| (Paralegal) | 2023 | $77.00 | 3.2 | $246.40 |
| | | | **Total:** | $15,446.40 |

The Court finds that $15,446.40 is the amount of fees, plus $727.83 in GET, for a

**total of $16,174.23 in attorneys' fees and GET**.

### D.    The Attorneys' Fees Requested Do Not Exceed Twenty-Five (25) Percent of the Judgment

Under Hawaii law, the amount of fees awarded to a prevailing party is

limited pursuant to Haw. Rev. Stat. 607-14 to "twenty-five [25] per cent of the

judgment."  The Judgment filed on December 29, 2022 indicates:

> Plaintiff WIHC LLC is awarded damages in the amount of $403,888.88 and interest in the amount of $2,780.56 for a total of $406,669.44.

ECF No. 26.  Twenty-five (25) percent of $406,669.44 is $101,667.36.  Plaintiff is

entitled to reasonable attorneys' fees and GET in the amount of $16,174.23 which

is less than the twenty-five (25) percent limit or $101,667.36 and thus, the Court

need not reduce the requested fee amount.

### CONCLUSION

Based on the foregoing, the Court **FINDS** that Plaintiff is entitled to its

attorneys' fees and **RECOMMENDS** that the district court **GRANT** Plaintiff its

attorneys' fees in the amount of $15,446.40 and $727.83 in GET for a total amount

of $16,174.23.  The Court further **RECOMMENDS** that the district court

**REDUCE** Plaintiff's request for attorneys' fees and GET by $7,157.17.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, May 31, 2023.



Rom A. Trader
United States Magistrate Judge

Civ. No. 22-00305 DKW-RT;  *WIHC LLC vs. Nextgen Laboratories, Inc.*;
Findings and Recommendation to Grant Plaintiff's Motion for Attorneys' Fees