IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WIHC LLC,<br><br>                   Plaintiff,<br><br>     vs.<br><br>NEXTGEN LABORATORIES, INC., JOSEPH DEL SIGNORE,<br><br>                 Defendants. | CIV. NO. 22-00305 DKW-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR AMENDED DEFAULT JUDGMENT |

**FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR AMENDED DEFAULT JUDGMENT**

On July 14, 2023, Plaintiff WIHC LLC dba Aloha Toxicology ("Plaintiff") filed a *Motion for Amended Default Judgment* ("Motion to Amend" or "Motion"). ECF No. 34. Plaintiff seeks an amendment of the default judgment ("Default Judgment") entered on December 29, 2022 (ECF No. 26) in order to include the amount of attorneys' fee awarded to Plaintiff on July 6, 2023 (ECF No. 33). The Court elects to decide Plaintiff's request without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("LR"). After consideration of the *Motion to Amend*, records in this case and applicable law, the Court **FINDS** that an amendment of the *Default Judgment* is appropriate under Rule 60(b)(1) of the Federal Rules of Civil

Procedure ("Fed. R. Civ. P.") and **RECOMMENDS** that the district court **GRANT** the *Motion*.

## BACKGROUND

On September 6, 2022, Plaintiff filed for a *Motion for Default Judgment* (ECF No. 14) and requested that "pursuant to [Fed. R. Civ. P.] 54, final judgment for the Amount Due against [Defendants NextGen Laboratories, Inc. and Joseph Del Signore (collectively "Defendants")], jointly and severally, in favor of [Plaintiff]" be entered.  ECF No. 14 at PageID.57.  The *Motion for Default Judgment* was unopposed and granted on December 29, 2022 (ECF No. 25).  As Plaintiff requested, *Default Judgment* was entered on December 29, 2022.  ECF No. 26.

On February 16, 2023, Plaintiff filed a *Motion for Attorneys' Fees*.  ECF No. 30.  Pursuant to Haw. Rev. Stat. § 607-14, this Court found that Plaintiff is the prevailing party and the underlying action is in the nature of assumpsit.  ECF No. 32 at PageID.395-396.  On July 6, 2023, the district court granted the *Motion for Attorneys' Fees*.  ECF No. 33.  The Court notes that in the *Motion for Attorneys' Fees*, Plaintiff did not request for an amendment of the *Default Judgment*.

Shortly after being awarded its attorneys' fees, Plaintiff filed the *Motion to Amend* that is currently before this Court.  ECF No. 34.  The *Motion* is less than a page long and is brought under Fed. R. Civ. P. 7.  *Id.* at PageID.414.

2

## DISCUSSION

In considering a motion to amend, "a district court 'enjoys considerable discretion.'" *United States v. Pac. Health Corp.*, No. CV-12-00960-RSWL-JC, 2019 WL 3531964, at *2 (C.D. Cal. Aug. 1, 2019) (quoting *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)).  A motion to amend a judgment may be brought under Fed. R. Civ. P. 59(e) or 60.  Plaintiff merely cites to Fed. R. Civ. P. 7, the rule generally governing the filing of a motion, and fails to indicate whether an amendment to the *Default Judgment* is sought under Rule 59(e) or Rule 60.  Rule 59(e) sets forth that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Because the *Default Judgment* in this case was filed on December 29, 2022 and the *Motion to Amend* was filed on July 14, 2023, more than 28 days have elapsed and therefore, relief under Rule 59(e) is not appropriate in this case.  *See* ECF Nos. 26 & 34.  The Court thus considers whether an amendment to the *Default Judgment* is permissible under Rule 60(b).  Rule 60 permits the amendment of a prior order or judgment if (1) there was a clerical error under Rule 60(a), or (2) relief is appropriate under certain enumerated grounds pursuant to Rule 60(b).  Fed. R. Civ. P. 60(a)-(b).

The Court finds that relief is not appropriate under Rule 60(a), which provides that:

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or

omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a). "Rule 60(a) enables courts to amend judgment to correct mistakes and clarify matters intended to be implied or subsumed by the original judgment." *Pac. Health Corp.*, 2019 WL 3531964, at *2 (citing *Garamendi v. Henin*, 683 F.3d 1069, 1078 (9th Cir. 2012)). Certainly, there has been no mistake or omission made by the Court nor has Plaintiff alleged that any mistake or omission was made. Based on the docket and history of the case, the Court does not find that any relief under Rule 60(a) is appropriate. The Court thus evaluates whether an amendment is appropriate under one of the enumerated grounds under Rule 60(b).

Fed. R. Civ. P. 60(b) sets forth several enumerated reasons under which a Court may amend its order. The statute provides in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff has not alleged any facts or presented any evidence that shows relief is appropriate under Rule 60(2)-(6) nor does the Court find that the circumstances of this case permit an amendment under these provisions. However, the Court finds that an amendment is appropriate under Rule 60(1).

The Ninth Circuit has determined that excusable neglect "covers cases of negligence, carelessness and inadvertent mistake." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1224 (9th Cir. 2000) (citing *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997); *Pioneer Inv. Services Co. v. Brunswich Associates Ltd. Partnership*, 507 U.S. 380, 392 (1993)). Courts thus follow the "equitable test" set forth by the Supreme Court in *Pioneer Inv. Services Co.* to determine whether circumstances constitute excusable neglect. *Pioneer Inv. Services Co.*, 507 U.S. at 395. The Court takes into consideration "all relevant circumstances surrounding the party's omission" which includes, "the danger of prejudice to the [Defendants], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within

reasonable control of the movant, and whether the movant acted in good faith." *Id*. (citation omitted).

In this case, Plaintiff elected to request for an entry of *Default Judgment* prior to requesting its attorneys' fees. The attorneys' fee award did not occur until after *Default Judgment* was entered. Thus, the attorneys' fee awarded could not have been included in the *Default Judgment*. However, even when Plaintiff filed its *Motion for Attorneys' Fees*, Plaintiff neglected to request that any amount awarded be reflected in an amendment to the *Default Judgment*. Nevertheless, given the circumstances of this case, the Court finds that there is no prejudice to the Defendants, there has not been any delay that would impact this case and the Court does not find that there is any evidence of anything other than good faith on the behalf of the Plaintiff. An amendment of the *Default Judgment* under Rule 60(b)(1) is thus appropriate.

The Court notes that any request for an amendment under Fed. R. Civ. P. 60(b) must be made within a reasonable time, and if relief is sought under Fed. R. Civ. P.60(b)(1)-(3), a request to amend may be made "no more than a year after the entry of the judgment[.]" Fed. R. Civ. P. 60(c). The *Default Judgment* was filed on December 29, 2022, which is less than a year from the time that Plaintiff filed the *Motion to Amend*. The Court thus finds that the *Motion to Amend* is within the timeframe set forth by Fed. R. Civ. P. 60(c) and is thus timely.

6

## **CONCLUSION**

In accordance with the foregoing, the Court **FINDS** that an amendment of the *Default Judgment* to include the attorneys' fees awarded to Plaintiff is appropriate under Fed. R. Civ. P. 60(b)(1), and **RECOMMENDS** that the *Motion to Amend* be **GRANTED**.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, August 24, 2023.



Rom A. Trader
United States Magistrate Judge

___

Civ. No. 22-00305 DKW-RT;  *WIHC LLC vs. Nextgen Laboratories, Inc., et. al.*; Findings and Recommendation to Grant Plaintiff's Motion for Amended Default Judgment